58 CCPA

### Application of Ernst BORREGARD.
### Patent Appeal No. 8489.

United States Court of Customs and Patent Appeals.

April 1, 1971.

Donald R. Dunner, Lane, Aitken, Dunner & Ziems, Washington, D. C., attorney of record, for appellant. Ronald P. Kananen, Washington, D. C., of counsel.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents. Fred E. McKelvey, Asst. Sol., Washington, D. C., of counsel.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and RE, Judge, United States Customs Court, sitting by designation.

ALMOND, Judge.

This is an appeal from the decision of the Patent Office Board of Appeals affirming the rejection of claims 24–27 of appellant's application entitled "Dry Transfer Sheet and Method."[1] No claims have been allowed.

The invention relates to a dry transfer sheet having a plurality of discrete characters or indicia spaced apart from one another in order to enable independent and selective transfer of the individual characters. The elements of the dry transfer sheet are shown in Fig. 2:

*Fig. 2.*

A light transmissive carrier sheet (10) supports a plurality of discrete reverse-printed characters (12) spaced apart from one another. In Fig. 2 the characters are composed of three layers.

I. Serial No. 300,743 filed August 8, 1963.

The first layer is a release layer (14); the second is an opaque film (16); and the third is a nonwaxy substantially nontacky pressure-sensitive adhesive (18). Alternatively, the opaque pigment may be incorporated into the release layer or into the adhesive, in which case a separate opaque film (16) is unnecessary. All layers of the characters may be silk screened onto the carrier, and they are to be in substantial registration while the remainder of the carrier sheet not covered by characters remains uncoated. During use, the individual characters are transferred by positioning the transfer sheet over the intended surface, with the adhesive layer adjacent said surface, and then rubbing against the front surface of the carrier sheets over the respective characters.

A single independent claim is on appeal:

24. A dry transfer sheet of the type which has a plurality of characters thereon and which is used by placing the sheet over a layout, aligning a desired character with a specific location on the layout, then rubbing the sheet over the desired characters to transfer that character only to the layout without disturbing the remainder of the characters on the sheet, which comprises:

A LIGHT TRANSMISSIVE CARRIER SHEET;

(b) a plurality of discrete characters spaced apart from one another and adhered to the rear surface of said sheet, each character being capable of independent transfer to a layout from said sheet and each character comprising an opaque printed film member having

i. a layer of a release agent immediately against the said rear surface, and

ii. a layer of non-waxy substantially nontacky adhesive covering said layer of release agent and adapted to be engaged against the layout when the character is transferred;

(c) said printed film member having said layers in substantial registration and the remainder of the carrier sheet not covered by said members being uncoated;

(d) the adhesive attachment of the adhesive layer for a layout against which a character has been rubbed and for the layer of release agent being greater than the adhesive attachment of the last-mentioned layer for the carrier sheet, so that the transfer of individual characters only by rubbing through the front surface of the carrier sheet over the respective characters may be effected.

Dependent claims 25–27 specify the various means of making the characters opaque. That is, claim 25 recites incorporating the pigment in the release layer, claim 26 recites incorporating the pigment in the adhesive layer, and claim 27 recites a separate pigment layer between the release layer and the adhesive. Appellant has emphasized no distinction between the claims, and accordingly they will apparently stand or fall together.

The references relied upon are:

| | | |
|---|---|---|
| Wittgren | 2,558,804 | July 3, 1951 |
| Karlan et al. | | |
| (Karlan) | 3,013,917 | December 19, 1961 |
| Jankowski | 3,031,324 | April 24, 1962 |
| Mackenzie | 3,131,106 | April 28, 1964 |

Wittgren discloses a decal (i. e., solvent released transfer), as best shown in Fig. 3:

A transparent, flexible carrier sheet (10) supports a character or a plurality of characters spaced apart from one another. The character is composed of three layers: a thin film (11), an opaque pigmented image (12), and an adhesive (13) that may be remoistened. All three layers may be silk screened onto the carrier and they may all be in "perfect register" with each other.

Karland discloses a dry transfer sheet as shown in Fig. 3:

[A3894]

A thin light transmissive carrier sheet (10) supports a plurality of spaced apart opaque characters (14). Between the characters and the carrier is a release layer (22). On the opposite surface of the characters, and covering all but the edges of the transfer sheet, is a layer (24) of a dry pressure-sensitive light transmissive adhesive. It is disclosed that "[f]or the dry pressure-sensitive adhesive there preferably is employed * * * a natural or synthetic wax." When using the transfer sheet, individual characters may be independently and selectively transferred to the intended surface by rubbing against the front surface of the carrier sheet.

Jankowski states that either water soluble or tacky pressure-sensitive adhesives may be used for the transfer labels disclosed by him.

Mackenzie discloses a dry transfer capable of selective transfer of individual elements or characters. Because of the dates shown in appellant's Rule 131 affidavit the Mackenzie patent was used as a reference only with regard to the subject matter which is also disclosed in

Mackenzie's copending parent application.[2] In particular, the examiner emphasized the teaching that in choosing a pressure-sensitive adhesive "[m]any waxes and resins are however commercially available and some simple experiments can be made to select wax or resins or mixtures which are suitable." In addition, the solicitor at oral argument emphasized the statement in Mackenzie that " * * * the tacky substance * * * may be applied to the elements while these are on the primary carrier."

All claims were rejected by the examiner under 35 U.S.C. § 103 over two different combinations of the references. The examiner set forth one rejection as Wittgren taken in view of either Jankowski or Mackenzie, reasoning that it would be obvious to one of ordinary skill in the art to substitute the pressure-sensitive adhesives of Jankowski or Mackenzie for the moistenable adhesive of Wittgren. The other rejection was based on a combination of Karlan in view of Wittgren and Mackenzie. The board affirmed both rejections, but discussed mainly the one involving Karlan, Wittgren and Mackenzie, stating:

> The printed film members in Karlan et al. do not have the layers in substantial registration and the remainder of the carrier sheet not covered by the members is not entirely uncoated. However, it is our opinion that since Wittgren discloses in Fig. 3 that it is old to have the layers of the printed film members in substantial registration and the part of the sheet not covered by the members being uncoated, it would be obvious to one skilled in the art to so apply the layers of Karlan et al.
>
> * * * Karlan et al. specify the kind of pressure sensitive adhesive employed. * * *

Since the various kinds of adhesive and their properties are well known, it is our opinion that it would be an ob-

2. Serial No. 787,756 filed January 19, 1959, of which the application which is-sued as patent No. 3,131,106 is a continuation-in-part.

vious matter of choice to select an adhesive having the desired characteristics. It is noted that the Examiner states that Mackenzie uses an adhesive of the type disclosed by appellant.

Turning first to Karlan, we note that there are two differences between appellant's claimed dry transfer sheet and the dry transfer sheet disclosed by Karlan. First, the release, image, and adhesive layers in Karlan are not in registry, and second, Karlan states that the pressure-sensitive adhesive it preferably a wax, whereas appellant claims a nonwaxy pressure-sensitive adhesive. We agree with the board that Wittgren and Mackenzie made obvious the silk screening of the release and adhesive layers in registry with the individual images and the substitution of a nonwaxy pressure-sensitive adhesive for a waxy pressure-sensitive adhesive.

While, as appellant points out, Wittgren's teaching of silk screening the layers of the character in registry is in regard to solvent released transfers, we think one of ordinary skill in the art would recognize that this teaching of registry among the layers of the characters would have applicability to dry transfers as well as decals. This is especially true since Wittgren teaches that registry may be obtained by silk screening and Karlan discloses that the release, image, and adhesive layers may all be silk screened, and since it seems apparent that such registry would aid Karlan's intended purpose of selectively transferring individual characters. Besides, Mackenzie, which does relate to dry transfers, also seems to suggest that the adhesive be in registry with the characters. As previously noted, Mackenzie states that the adhesive "may be applied to the elements [characters]" and there is no indication that the adhesive must cover the rest of the carrier and be between the characters.

Appellant contends that a layer of adhesive completely covering the rear of the support sheet and between the indicia is an essential aspect of Karlan, and thus Karlan teaches away from the suggested combination with Wittgren. However, we can find nothing in Karlan which indicates that an adhesive layer completely covering the carrier is essential. Rather, it is clear to us that the adhesive need only be present over the images to effect transfer in accordance with Karlan's disclosure. While Karlan does not specifically disclose such an arrangement of layers, it is not directly contrary to what is disclosed. We think that such an arrangement would have been obvious to the skilled artisan from Wittgren's registry of similar layers.

As to the particular adhesive used, both Karlan and appellant use the same general type, i. e., a substantially non-tacky pressure-sensitive adhesive. In order to avoid "ungainly smudges," appellant specifies using a nonwaxy pressure-sensitive adhesive, while Karlan states that he prefers a waxy pressure-sensitive adhesive. We agree with the board that selecting the particular type of pressure-sensitive adhesive, depending on the desired characteristics and the known properties of the available adhesives of the general type, would have been an obvious matter of choice, especially in view of Mackenzie's teaching of the interchangeability of wax and resin pressure-sensitive adhesives for use with dry transfer sheets.

Since we find no reversible error in the rejection of the claims under 35 U.S.C. § 103 as unpatentable over Karlan in view of Wittgren and Mackenzie, separate discussion of the rejection based on Wittgren in view of Jankowski or Mackenzie is unnecessary.

The decision of the board is affirmed.

Affirmed.